UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD,<br><br>  Petitioner,<br><br>  v.<br><br>RICK HILL, Warden,<br><br>  Respondent. | No.  2:14-cv-0039 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his San Joaquin County conviction for felony murder and assault with a firearm, for which he was sentenced in July of 1990 to a 25-year-to-life state prison term with possibility of parole plus 5 years.  Petition, 1, 16.

    In the instant application, petitioner raises the following grounds for relief: (1) petitioner was not appointed counsel in his first state collateral proceeding, which presented a claim of ineffective assistance of trial counsel that was not adjudicated on the merits by the state or federal courts; (2) the superior court's denial of habeas relief was unreasonable because it did not adjudicate the merits of petitioner's claim that trial counsel wash ineffective for failing to impeach state's key eyewitness.  See id.

    The instant petition reflects that petitioner has previously challenged the same conviction/sentence in federal district court in Case No. 2:98-cv-1040 JAM JFM P.  Petitioner

1  lays out the extensive history of that lengthy litigation, in this court and at the Ninth Circuit, from
2  1998 through 2012.  Id. at 21-23.  Pursuant to Local Rule 190(d), this action will be assigned to
3  the district judge who considered the prior petition, the Honorable John A. Mendez.[1]

4  Prior to filing a second or successive petition in a district court, a petitioner must apply to
5  the appropriate court of appeals for an order authorizing the district court to consider the
6  application.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).
7  This is a jurisdictional requirement.  Id. at 152; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th
8  Cir.2001) (per curiam) (once district court has recognized a petition as second or successive
9  pursuant to § 2244(b), it lacks jurisdiction to consider the merits).  A petition is successive under
10 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal
11 court's previous resolution of a claim *on the merits* . . . ."  Gonzalez v. Crosby, 545 U.S. 524, 532
12 (2005) [emphasis in original].  Even a limited review of the vast record of the prior case
13 demonstrates petitioner's claims were ultimately adjudicated on the merits.  See ECF Nos. 73, 78
14 in Case No. 2:98-cv-1040 JAM JFM P.[2]  Petitioner has therefore "brought claims contesting the
15 same custody imposed by the same judgment of a state court" without first having obtained the
16 requisite authorization from the Court of Appeals.  Burton, 549 U.S. at 153.  Since, in the absence
17 of proper authorization from the court of appeals, a district court lacks jurisdiction to consider the
18 merits of a second or successive habeas petition, the petition must be dismissed.[3]  The dismissal
19 will be without prejudice to petitioner's obtaining such authorization from the Ninth Circuit.

20 Under Ninth Circuit Rule 22-3(a), "[i]f a second or successive petition or motion, or an
21 application for authorization to file such a petition or motion, is mistakenly submitted to the
22 district court, the district court shall refer it to the court of appeals."

23 In accordance with the above, IT IS HEREBY ORDERED that pursuant to Local Rule
24 190(d), the Clerk of the Court is directed to assign the Honorable John A. Mendez as the District

---

[1] Because the magistrate judge assigned to the prior petition has retired, the undersigned will retain the Magistrate Judge assignment.
[2] The district court's adjudication on the merits was affirmed on appeal. Id. at ECF No. 87.
[3] The court in the circumstances will not consider petitioner's failure to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the filing fee.  See 28 U.S.C. §§ 1914(a); 1915(a).

1  Judge in this matter.

2      IT IS RECOMMENDED that this case be dismissed without prejudice as successive and
3  referred by the Clerk of the Court to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

4      These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
6  after being served with these findings and recommendations, petitioner may file written
7  objections with the court.  Such a document should be captioned "Objections to Magistrate
8  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
9  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
10 Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: January 10, 2014

12                         _/s/ Allison Claire_
13                      ALLISON CLAIRE
                        UNITED STATES MAGISTRATE JUDGE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28